HARRELL *v.* HARRELL

[No. 18,827. Filed May 28, 1957.]

*Mellen & Mellen,* of Bedford, for appellant.

*Leroy Baker* and *George E. Huntington,* of Bloomington, for appellee.

COOPER, J.—This is an appeal from the Monroe Circuit Court wherein the appellee filed an action for a divorce; the appellant herein filed a cross complaint. Upon submission, the trial court granted a divorce to the appellee upon his complaint.

Numerous alleged errors were assigned by the appellant in her motion for a new trial, which was overruled by the court. The assigned error before us is, "The trial court erred in overruling the appellant's motion for a new trial." The appellant in her brief sets out eight propositions under the titles of "PROPOSITIONS, POINTS AND AUTHORITIES". These we may not consider under Rule 2-17 (e) of the Supreme Court.

The rules of procedure as defined by the Supreme Court of this state have the force and effect of law and are binding upon the litigants and this court alike. There is nothing in the record before us which might bring the case at bar within any known exception to Rule 2-17 (e). *Hendrickson* v. *State* (1954), 233 Ind. 341, 344, 118 N. E. 2d 493; *Yiatros* v. *Cole* (1946), 117 Ind. App. 19, 68 N. E. 2d 657.

Our court has said if "Propositions, points and authorities", such as were required under the older court rule, are included in the appellant's brief, they will not be considered. *Scott* v. *Pandell et al.* (1954) 124 Ind. App. 474, 118 N. E. 2d 372; *Kruzick* v. *Kruzick et al.* (1954), 124 Ind. App. 365, 118 N. E. 2d 376.

Rule 2-17 (e) of the Supreme Court has been in force and effect for the past several years. The rule is well settled that where an appellant has not substantially complied with such rule, the appellee need not supply the omissions, but may rely on the court to enforce the rule. *Snow* v. *State* (1954), 234 Ind. 234, 236, 125 N. E. 2d 802, and cases cited therein.

Where, as in the case at bar, the appellant's brief does not comply with Rule 2-17 (e), the penalty is an affirmance of the judgment rather than a dismissal of the appeal. *Peltz* v. *State* (1953) 232 Ind. 518, 112 N. E. 2d 853; *Witte* v. *Witte* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Public Service Commission* v. *Indiana Bell Tel. Co.* (1952) 232 Ind. 332, 108 N. E. 2d 889; *Mendenhall* v. *Mendenhall* (1955) 125 Ind. App. 519, 124 N. E. 2d 873.

For the reasons herein above stated, the judgment of the Monroe Circuit Court is, in all things, affirmed.

NOTE.—Reported in 142 N. E. 2d 644.