SEANEY, EXECUTOR, ETC. *v.* AYRES ET AL.

[No. 19,663. Filed May 1, 1963. Rehearing denied June 11, 1963. Transfer denied February 21, 1964.]

*R. Stanley Lawton, Alan H. Lobley, Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, and *Paul R. Benson,* of counsel, of New Castle, for appellant.

*Richard L. Gilliom, Elbert R. Gilliom, Robert Armstrong,* and *Gilliom, Armstrong & Gilliom,* of counsel, of Indianapolis, for appellees.

KELLEY, J.—The question submitted by this appeal is whether the trial court erred in sustaining the demurrer of the appellees, Matilda B. Ayres, George E. Goodwin, and Summit Gas & Water Company, Inc., to appellant's fourth amended complaint on the grounds that said complaint does not state facts sufficient to constitute a cause of action and that there is a defect of parties.

The complaint, in material and pertinent part, as exhibited in appellant's brief, alleges in substance:

That the decedent, the appellee, Matilda B. Ayres, and the appellees other than George E. Goodwin and Summit Gas & Water Company (hereinafter referred to as Summit), were the owners of the outstanding common capital stock of a corporation named The Eastern Indiana Gas Company (hereinafter referred to as Eastern); that the decedent owned 76.52 per cent of said stock, the appellee, Matilda B. Ayres, owned 21.2482 per cent of the stock, and the other said appellees, the remaining stock; that the appellee, Matilda, is the widow of the decedent, a claimant against decedent's estate, and that she was a director and the salaried president of said Eastern Corporation and, also, a director and president of the appellee, Summit Company; that Matilda and appellee, George E. Goodwin, on August 3, 1951 owned all the stock shares of Summit.

That on January 6, 1951, the stockholders of Eastern resolved to dissolve the corporation and prior to July 11, 1951, the Board of Directors of Eastern had settled its affairs, disposed of all its property, paid all the debts of the corporation and distributed "the balance" to the stockholders; that on July 11, 1951 appellee, Ma-

tilda, as president, and appellee Josephine McGee, as secretary, made verified certificate of the accomplishment to the Secretary of State; and that $9029.96 was delivered to one Paul R. Benson "in a fiduciary capacity" for the payment of the corporation federal income taxes.

That on August 3, 1951 said Matilda and said George E. Goodwin, "in pursuance of a conspiracy theretofore consummated by" them caused a suit to be brought without probable cause by said Summit against Eastern maliciously founded upon a false allegation of indebtedness of Eastern to Summit and seeking the appointment of a receiver on the ground that Eastern had been dissolved; that service in said action and notice of application for a receiver was had upon said Matilda by and through a preconcerted arrangement with said George E. Goodwin and she failed and neglected to notify any former stockholder, officer, director or attorney of Eastern of the filing and pendency of said suit or of the application for a receiver and concealed the fact thereof; that she knowingly took no steps to see that the action was defended for the purpose of securing the appointment of a receiver; that on August 6, 1951, "through the said conspiracy and collusion" of Matilda and Goodwin, the court, upon the "fraudulent and false" evidence "of said conspirators", was prevailed upon to appoint a Receiver for Eastern; that no notice of the appointment of the Receiver was given to any person except Matilda until the time for appeal from said appointment had passed.

That thereafter appellant received notice of the action and appeared for Eastern and sought to defend in its name; that thereafter Matilda sought to defend on behalf of Eastern and filed her answer for the purpose of admitting liability of Eastern; that thereafter

appellant moved to strike the appearance and answer of Matilda, which was done, and appellant was "allowed" to defend in the name of Eastern; that on December 9, 1954 a judgment was rendered for Eastern and against Summit which was not appealed and is now final and the Receiver was discharged on the ground that Eastern was not indebted to Summit.

That "thereafter" Matilda made demand upon the "Receiver" for her share of the monies "in the hands of the Receiver" but the balance of the funds in the Receiver's hands was delivered to said Paul R. Benson "in his aforesaid fiduciary capacity" and the Receiver was discharged; that out of the funds held by said Paul R. Benson for the payment of said federal taxes, certain designated sums were paid for the receiver's bond, fees, attorney fees and costs; that such payments were occasioned solely by the "collusive" appointment of said Receiver.

That Matilda, Goodwin and Summit are each claimants against the appellant estate and each wrongfully and illegally desire a larger portion of the assets of the estate than comes to them by rightful operation of the law and they conspired together to devise a fraudulent scheme as a consequence of which the conspirators attempted to procure a larger portion of the estate assets than was their just and lawful due.

That in the said defense of said "malicious litigation" the appellant estate incurred and expended reasonable costs and expenses of $10,000.00. The prayer of the complaint is for $13,526.58 "compensatory" damages and $50,000.00 "punitive" damages.

Appraising the complaint as a whole by express allegations and by intendment, it seems that it sought to declare upon the theory that Matilda, decedent's widow,

and said George E. Goodwin, who were claimants against the decedent's estate, desired to procure from the assets of the estate a larger amount than was due them on their claims and, to accomplish this purpose, they contrived to establish a groundless or fraudulent claim by the Summit corporation, all the stock of which was owned by them, against the Eastern and satisfy a major portion of the judgment obtained thereby out of the corporate assets of the Eastern distributed to the estate by reason of the decedent's ownership of 76.52 per cent of the stock thereof, upon the dissolution of Eastern; that to protect the assets of the estate and thwart the said fraudulent scheme, the appellant, as executor of the will of the decedent, after a receiver of the Eastern had been duly appointed by the court, and by reason of Matilda's answer admitting the liability of Eastern on the claim of Summit, appeared in the action and took the steps and proceedings alleged, resulting in a judgment for Eastern and against the Summit on the claim sued upon and the discharge of the Receiver; that in defense of the malicious litigation the estate incurred and expended reasonable expenses and costs in the amount of $10,000.00. Unless otherwise stated the use of the word "appellees" refers to appellees, Matilda B. Ayres, George E. Goodwin and Summit Gas & Water Company, Inc.

Basically, the varying contentions of the parties, as exemplified in their respective briefs, are wound around the determination of whether the allegations of the amended complaint sufficiently state the dissolution of the Eastern corporation. Appellees, Matilda, Goodwin and Summit propose that if the amended complaint does not show a dissolution of said corporation, then (1) any claim for damage occasioned by the action against the Eastern would reside in it, not appellant; (2) there

would be a defect of parties in that the Eastern was neither plaintiff nor defendant in the present action; (3) appellant would have been required to make a demand on Eastern or show that such demand would have been useless before appellant could legally bring and maintain this action as a stockholder; (4) that appellant would have to bring and maintain this action for and on behalf of and for the benefit of said Eastern corporation.

There appears no motion by appellees to make the amended complaint more specific. Therefore, on demurrer, in the absence of such motion, all intendments are taken in favor of the pleading and all facts, well pleaded, are deemed to be true and the conclusions of fact stated therein are considered and held to be an averment of all the facts requisite to sustain such conclusions insofar as essential to the sufficiency thereof. *Budd* v. *Board of Co. Comrs. of St. Joseph Co.* (1939), 216 Ind. 35, 40, 22 N. E. 2d 973; *State ex rel. Dept. of Financial Institutions* v. *Kaufman* (1941), 218 Ind. 74, 77, 30 N. E. 2d 978; *Regester* v. *Lincoln Oil Refining Company et al.* (1933), 95 Ind. App. 425, 429, 183 N. E. 693; *Teeter et al.* v. *Municipal City of LaPorte et al.* (1956), 236 Ind. 146, 147, 148, 139 N. E. 2d 158. The demurrer to the complaint admits as true any facts which can be reasonably or necessarily inferred from the well pleaded facts therein and such reasonable inferences will be considered in aid of the complaint. *Rochester Bridge Co.* v. *McNeill* (1919), 188 Ind. 432, 439, 122 N. E. 662; *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 382, 114 N. E. 869; *Walker et al.* v. *Ellis* (1955), 126 Ind. App. 353, 358, 129 N. E. 2d 65; *Hurd etc.* v. *Ball et al.* (1957), 128 Ind. App. 278, 289, 143 N. E. 2d 458; *Ebbeskotte*

v. *Tyler* (1957), 127 Ind. App. 433, 142 N. E. 2d 905; 23 I. L. E., *Pleading,* §108, page 352.

Appellees urge that "the question of whether or not the fourth amended complaint shows that Eastern . . . was dissolved requires consideration of the conditions precedent to dissolution that are prescribed in the dissolution sections of the Manufacturing and Mining Act (Secs. 5529—5532, Burns' A. I. S. 1926) and, in the light thereof, of the relevant allegations contained in the amended complaint." Following this statement appellees set forth what they say are the nine steps and conditions precedent for achieving the dissolution of said corporations and which should have been pleaded in the amended complaint. However, neither said appellees nor appellant have set out in their briefs "verbatim the relevant parts of such statutes as are deemed to have an important bearing." (Rule 2-17(e)). Appellant says that the said statute "sets forth" the conditions by which a corporation organized thereunder "shall be deemed dissolved" and those conditions are that the president and secretary of the corporation certify to the Secretary of State that the corporation has: (1) fully and finally settled its affairs; (2) disposed of all its property; (3) paid its debts; and (4) made distribution of the balance to the stockholders. Appellant sets forth a quotation which he premises "The statute governing the dissolution of the corporation in question reads:" No chapter or section of the statute mentioned is given. In another part of the brief appellant says the appropriate section of the Indiana Manufacturing & Mining Act relating to dissolution is §5532 (Burns' 1926) which said section is then set forth.

Since we are not apprised by the parties of the exact wording, terms and provisions of the other sections of

the statute referred to (§§5529-5531, A. I. S. 1926), the question of sufficient averment of dissolution in the amended complaint must be determined without benefit of said sections of the statute. Appellees' demurrer admits the allegations of the amended complaint, that the decedent, the appellee, Matilda B. Ayres, and the appellees, Ellan A. Goodwin, Josephine McGee, Stewart A. Matlock, Dudley C. Griffith, and Susanne Matlock Gooding, were the former stockholders of the Eastern; that said stockholders, on January 6, 1951, unanimously adopted a resolution to dissolve the Eastern; that prior to July 11, 1951, the Board of Directors of Eastern had fully and finally settled its affairs; that all the debts of the corporation had been paid; that the corporation property had been disposed of and the balance distributed to the stockholders according to their respective interests; that appellee, Matilda, the president of Eastern, and appellee, Josephine McGee, the secretary thereof, certified under oath to the Secretary of State that such matters and things had been done pursuant to the aforesaid Act; and that in the suit against the Eastern, the demurring appellee, Matilda, the former president of Eastern and one of the makers of said verified certificate of dissolution to the Secretary of State, applied to the court for the appointment of a receiver for the Eastern on the ground that it had been dissolved.

It would seem most incongruous to hold, in this particular case, that said admitted allegations of the amended complaint are insufficient to state the ultimate fact of the dissolution of said Eastern corporation. We hold that as against the said demurrer the allegations of said amended complaint sufficiently pleaded the dissolution of the said Eastern corporation and that it was dissolved prior to the institu-

tion of said action against it by appellees. *Macklind Investment Company* v. *Newell S. Ferry* (1937), 341 Mo. 493, 498, point 2, 108 S. W. 2d 21.

Appellees, adhering to their position that in order to show dissolution of the Eastern it was necessary to allege in the amended complaint a compliance with "each and all" the nine prescribed steps of the referred to Act, cite and rely upon *Mercantile Commercial Bank, Receiver* v. *Southwestern Indiana Coal Corp.* (1929), 93 Ind. App. 313, 169 N. E. 91; *John and Another* v. *The Farmers and Mechanics' Bank of Indiana* (1830), 2 Blkfd. 367, 369; *Heaston* v. *The Cincinnati, etc., Railroad Co.* (1861), 16 Ind. 275, 278-279; and *Darrell* v. *The Hilligoss, etc., Gravel Road Co.* (1883), 90 Ind. 264, 267, as sustaining their said proposal. We have carefully reviewed each of these cases and fail to find that any of them, upon the particular facts and question involved in each of them, lend establishment of the imperative pleading requirements urged by appellees.

Appellees say that if the allegations of the amended complaint are sufficient to show that Eastern was dissolved, then there could be no basis for the present action since there would have been no corporation to sue and the alleged action by Summit against Eastern would have been a nullity and ineffectual for any purpose. In short, if Eastern was dissolved, no damage could have resulted to appellant as a stockholder by reason of the alleged fraudulent action of appellees, Matilda, Goodwin and Summit. The amended complaint alleges that the certificate of dissolution by Matilda, as president, and appellee, Josephine McGee, as secretary, of the Eastern, was filed in the office of the Secretary of State on July 11, 1951 and that the suit by Summit against the Eastern and the application for a receiver for Eastern was filed on August 3, 1951. We have, then,

by the averments of the amended complaint, a situation where an asserted creditor of the dissolved corporation sought to establish its claim, alleged by the amended complaint to be fraudulent, against the dissolved corporation and to procure the appointment of a receiver thereof in the manner provided by the statute, §3-2601, Burns' 1946 Replacement, within the month next following the dissolution of said corporation. The said statute (§3-2601, Burns) provides that

"A receiver may be appointed by the court, ... , in the following cases:

" . . .

"Fifth. When a corporation has been dissolved . . . ."

It appears from the amended complaint that a receiver was appointed by the court in said action against Eastern upon the ground that Eastern was dissolved "and probably indebted to Summit". It seems logical to say that one of the prime objects of the last aforesaid act is to afford a diligent unpaid creditor of a dissolved corporation the equitable power of the court, exercised through the agency of a receiver ancillary to the main action, to collect, conserve, and protect the assets of the dissolved corporation until the merits of the asserted creditor claim can be judicially established. §42 of the Acts of 1929, Ch. 215, being §25-241(e), Burns' 1960 Replacement, provides, in part, that:

"The dissolution of any corporation in accordance with the provisions of this section, shall not take away or impair any remedy of or against such corporation, its directors, officers, or shareholders, for any liabilities incurred by the corporation previous to its dissolution if suit is brought and service of process is had, as provided by the laws of this state, within two (2) years after the date of such dissolution, . . . ."

Thus, it follows, we think, that it could not be judicially held, in favor of the demurrer, as against the allegations of this amended complaint, that the action by Summit against the Eastern would have been a nullity.

Appellees contend, further, that the amended complaint fails to state that demand was made on Eastern that it bring the action for damages on account of the alleged prosecution of the action or that such demand would be useless and, therefore, the amended complaint is insufficient to state a cause of action because such action rests exclusively in the Eastern and not in appellant stockholder and the latter does not bring this action on behalf of or for the benefit of the Eastern. We have already determined that we think the amended complaint sufficiently alleges that the Eastern was dissolved. The remaining assets had been distributed to the stockholders. The Eastern, therefore, was not a corporate entity capable of being damaged or possessing the power, of itself, to bring an action. However, appellant's present action is alleged to be for damages by way of costs and expenses which the estate incurred, as a stockholder to which corporate assets had been distributed on dissolution, in the defense of the alleged fraudulent action by Summit against the Eastern, which bore the possibility of an ultimate judgment to the payment of which certain assets of the appellant estate may have been subjected. The amended complaint also prays for punitive damages, but assuming, for purpose of the present question, that appellant, as a stockholder of the dissolved corporation, may not be entitled to recover such punitive damages as such stockholder, the damages sought for such costs and expenses are personal to the appellant and are not shown to be any damage to the Eastern by reason of the action against it by Summit. While, as we have stated, the Eastern cor-

poration, under the allegations of the amended complaint, was without capability to bring the present action, yet, even so, it could not have maintained this action for the alleged personal damage sustained by the appellant estate. If the herein amended complaint had exposed a theory of an action to recover unliquidated damages to the Eastern corporation arising out of a malicious prosecution of a fraudulent civil action against it by the appellees, Matilda, Goodwin and Summit, appellees' said contention, last mentioned, would be the occasion for very serious consideration and would carry us into fields we need not at this time trod upon. We find said contention without basis in merit.

Appellees yet further advance the proposition that the amended complaint does not show that the alleged fraudulent scheme and purpose of said appellees to procure more than was due them as claimants in the estate was ever accomplished and, since the alleged action by said appellees was against the Eastern only, and not against the appellant executor or estate, the same could not have caused any legal damage to appellant or the stockholders generally. In line with our previous observations, the proposition now offered by appellees seems to overslip the theory of appellant's action as exemplified by the amended complaint. The theory we conceive to be expressed by the amended complaint, as we have hereinabove stated, does not require, as an allegation essential to its sufficiency, an averment in the amended complaint that the appellees successfully consummated their alleged fraudulent proceeding against the Eastern. Nor, under said theory of action stated in the amended complaint, is it fatal to the sufficiency thereof that appellee's alleged fraudulent action was brought against Eastern and not against appellant. That which we have already expressed herein

would seem to dispose of the now considered proposition. It may be fair, however, to further expand the previous remarks by noting that the amended complaint avers that the Eastern corporation was dissolved at the time appellees' action was brought and that appellees treated it as dissolved. By inference from the stated facts in the amended complaint, it appears that unless appellant had been "allowed to defend" by the trial court against the alleged fraudulent action of appellees against Eastern, liability on the claim of Summit against Eastern would have been admitted by the answer of appellee, Matilda, as former president of Eastern, pursuant to "a conspiracy theretofore consummated by and through the said Matilda B. Ayres and the said George E. Goodwin". In other words, under the alleged circumstances, appellant was compelled to incur costs and expenses in order to prevent the securance of a judgment against Eastern by appellees on which the stockholders, including appellant estate, could be held liable to the extent of the assets of the dissolved corporation received by such stockholders.

It is said in 16A Fletcher Cyclopedia, *Corporations*, §8161, (1962 Revised volume) that

"Where the assets of a dissolved company have been distributed among the stockholders, a creditor having an enforceable cause of action against the corporation may hold the stockholders liable to the extent of the assets received by them, including interest. Having obtained a judgment against the corporation, he may enforce it by execution against the assets in the hands of a stockholder, or may sue the stockholder to collect his judgment."

It is apparent from the allegations of the amended complaint that appellees allegedly intended, by fraud, to procure a judgment against Eastern and collect the

same, or a major part thereof, out of the assets received by appellant estate upon dissolution of Eastern.

Under the allegations of the amended complaint, the Eastern was dissolved and without capacity of itself to defend against the alleged fraudulent claim of appellees, including Matilda, as former president of the dissolved corporation, upon whom process was allegedly served and who, allegedly, gave no notice of the filing and pendency of said allegedly fraudulent action to any former stockholder, officer, director or attorney of Eastern, and who allegedly sought to admit liability by Eastern upon the allegedly fraudulent claim of Summit, of which she was a director. Such alleged facts in the amended complaint, admitted by the demurrer, seem to us to be amply sufficient to show an exceptional case warranting appellant, as a stockholder, seeking to conserve the assets of the estate, to defend the suit against the dissolved corporation. While not in point on the factual situation, the principles stated in *Marcovich* v. *O'Brien, Auditor of State et al.* (1916), 63 Ind. App. 101, 111, point 2, 114 N. E. 100, relative to the conditions under which a stockholder may be permitted to sue or defend a suit for a corporation, seem persuasive here. The costs and expenses, if any, necessarily incurred by appellant in making such defense, under such alleged circumstances, would seem to be allegedly a loss or damage personal to appellant, disassociated from any claim or damage which by any possibility could or might be asserted on behalf of the Eastern corporation or any stockholder therein.

The facts alleged in the amended complaint and which are admitted by the demurrer are such as to render it unimportant, we think, whether or not the appellees were or are claimants in the appellant estate. We are impressed that the amended complaint states a cause

of action upon the theory expressed therein without any reference to the fact, as alleged, that appellees are claimants against the appellant estate.

We have endeavored to notice, consider and determine all points and contentions made in the briefs of the parties but find none which lead us to the conclusion that the involved complaint, while, perhaps, not as clear, explicit and exact as it might have been, fails to state facts sufficient to constitute a cause of action.

Judgment reversed and cause remanded with instructions to the trial court to overrule the joint and several demurrer of the appellees and for further proceedings.

Mote, P. J., Hunter, Pfaff, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 826.