LOPER *v.* STANDARD OIL COMPANY ET AL.

[No. 20,373.  Filed November 29, 1965.]

*Philip M. Cagen* and *William W. Andersen, Jr.*, of Valparaiso, for appellant.

*Daniel F. Kelly* and *Allen W. Teagle* and *Tinkham, Beckman, Kelly and Singleton,* of counsel, of Hammond, for appellee, Standard Oil Company. *G. Edward McHie* and *Peters, McHie, Enslen & Hand,* of Hammond, of counsel, for appellees, Scurtas.

HUNTER, J.—This is an appeal from the Porter Superior Court wherein the court sustained both the appellees' demurrers to the appellant's third amended complaint. The appellant refused to plead further and judgment was rendered. The appellant then brought this appeal.

On a demurrer in the absence of a motion to make more specific, we should take all facts well pleaded as true. *Seaney* v. *Ayres* (1963), 135 Ind. App. 585, 189 N. E. 2d 826; *Ebbeskotte* v. *Tyler* (1957), 127 Ind. App. 433, 142 N. E. 2d 905.

The facts as pleaded are as follows: on or about November 15, 1951 the owners-appellees Scurtas entered into a lease with the appellee Standard for ten (10) years with the right to renew for ten (10) years. In that lease the landlord covenanted to make repairs on the leased premise. Said lease is not before us on this appeal. On September 10, 1955 the appellant Loper entered into a lease with Standard. The lease was renewed from year to year. This lease, the only one

before us on this appeal, contained a "hold harmless clause" indemnifying the landlord from liability for his negligence.

" '3. *Lessor, its agent and employees shall not be liable for any loss,* damage, injuries, or other casualty of whatsoever kind or by whomsoever caused to the person or property of anyone (including the lessee) on or off the premises, arising out of or resulting from the Lessee's use, possession or operation thereof, or from the installation, existence, use, maintenance, condition, repair, alteration or removal of any equipment thereon, whether due in whole or in part to negligent acts or omissions of the Lessor, its agents or employees; and the Lessee for himself, his heirs, executors, administrators, successors and assigns, hereby agrees to indemnify and hold Lessor, its agents and employees, harmless from and against all claims, demands, liabilities, suits or actions (including all reasonable expenses and attorneys' fees incurred by or imposed on the Lessor in connection therewith) for such loss, damage, injury or other casualty. The Lessee also agrees to pay all reasonable expenses and attorneys' fees incurred by the Lessor in the event that the Lessee shall default under the provisions of this paragraph.' "

The appellant (sub-lessee) also covenanted to repair as follows:

" 'That Lessee will pay all water, light and other operating expenses and will keep said premises, buildings, equipment, machinery and appliances, together with the adjoining sidewalks and entrance driveways in good order and repair;' "

Standard (sub-lessor) at various times inspected the premise and made repairs at its own expense. Standard specifically inspected the furnace on the leased premise at the request of the appellant. Standard told the appellant that the furnace was working properly and that they would inspect it from time to time. If they found that it needed repairs, they would do so. The appellant also avers that he told the owners Scurtas of the defective furnace. On February 15, 1961 the furnace exploded causing damage to the appellant's property. The appellant avers various acts of negligence on the part of

the appellees as the direct and proximate cause of the explosion.

The appellant assigns as error the lower court's action in sustaining the separate demurrers of the appellees. Said demurrers were directed to the plaintiff's failure to state facts sufficient to constitute a cause of action in his complaint.

The appellee Standard in the memorandum to its demurrer stated that the indemnification provision acted as a bar to the cause of action as brought by the appellant against the appellee Standard as a sub-lessor. The appellant contends that such provision contravenes public policy. The case law as it relates to the matter at bar indicates that the appellant's contentions are in error.

This court in construing an indemnification provision similar to the one on this appeal, stated in *Franklin Fire Ins. Co. v. Noll* (1945), 115 Ind. App. 289, 58 N. E. 2d 947:

> *"We know of no provision in the State Constitution or statutes, and have been unable to find any Indiana decision which declares that a clause in a contract, or a lease, between landlord and tenant, similar to the one under consideration, is null and void as against the public policy of this state.* On the contrary, the uniform trend of the decisions in Indiana clearly upholds the right of freedom of contract, guaranteed by both the Federal and State Constitutions . . .
>
> Therefore, it is our opinion that under the Indiana authorities *the clause* in the lease under consideration *is not void as against public policy* and that the facts stated in appellant's complaint are insufficient to constitute a cause of action . . ." (our emphasis)

See also *Niederhaus v. Jackson* (1923), 79 Ind. App. 551, 137 N. E. 623.

The appellant cites *Freigy v. Gargaro Company, Inc.* (1945), 223 Ind. 342, at p. 353, 60 N. E. 2d 288 as supporting his proposition that a party may not contract against its own negligence for such would contravene public policy. Our Supreme Court stated therein that "A party may not con-

tract against his own negligence. 31 C. J., p. 433, n. 22." However, in reviewing this authority, we find that the authority cited does not support this rule. Also, in 42 C. J. S., Indemnity, § 7, p. 573, the authority states:

> "Negligence: The parties may lawfully bind themselves by contract to indemnify against or relieve from liability on account of future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents."

In addition the above statement in *Freigy, supra,* was not necessary to the holding of the court. Consequently, it should be considered as dictum. This particular phrase of the court in the *Freigy* case was also analyzed in *Indemnity Insurance Co. v. Koontz Wagner Electric Co.,* 233 F. 2d 380 (CCA 7th Ind. 1956) where the court states at p. 383:

> "As the authority cited does not support the rule as stated by the Court, and as the statement itself was not necessary for the decision of the Court, we do not consider the quoted statement in *Freigy* v. *Gargaro Co., Inc., supra,* to be the established rule of law in Indiana."

It seems quite clear from this analysis that the *Freigy* case is not valid authority for the principle that a party may not contract against his own negligence.

The appellant also relies on *Pennsylvania Railroad Company* v. *Kent* (1964), 136 Ind. App. 551, 198 N. E. 2d 615 in support of his argument. This case held that a railroad could not by the terms of a contract exonerate itself from liability to third parties for its negligence as long as it is acting as a common carrier. At p. 619, this court states:

> "Further, we believe the rule to be well established that a railway company acting as a common carrier may not contract for indemnity against its own tort liability when it is performing either a public or quasi public duty such as that owing to a shipper, passenger, or servant, and that such contracts are void as against public policy."

This court explicitly qualified the decision by stating at p. 622:

> "*It is understood, of course, that we do not now speak of or have reference to the right of a lessee to release the railroad company, as lessor from claim for damages to the person or property of* the lessee."

Thus, the case is in no way authority for a fact situation involving contract provisions operating between a lessor and a lessee in private capacities as opposed to instances where the lessor is in the capacity of a common carrier.

As exemplified herein there is nothing within the Constitution, statutes, or case law of Indiana which compels a finding that a party cannot contract against his own negligence or that such a contract would be contrary to public policy under circumstances such as are presented in the case at bar. The *Pennsylvania Railroad Company* v. *Kent* case, *supra,* cited by the appellant as supporting his contention recognizes the rule as being adverse to the appellant's position.

Consequently, insofar as the lease provision presented on this appeal indemnifies the sub-lessor Standard from liability for its negligence as to the sub-lessee Loper, the lease contract does not contravene public policy. We hold therefore that appellant by his third amended complaint did not state facts sufficient to constitute a cause of action against appellee Standard.

The appellant's remaining contention of error is to the effect that the lower court erred in sustaining the appellees Scurtas' demurrer. It should be noted at this point that the appellant contends that he is a third party beneficiary under the lease between the appellees Scurtas and appellee Standard, thereby contending that the covenant in lease of the owners Scurtas with appellee Standard wherein the owners Scurtas agreed to repair the premises should be construed as a matter of law to be for his benefit as sub-lessee.

The appellant does not include said lease or any part thereof in his brief. He merely avers to its contents. This was brought to the appellant's attention by the appellee's motion to dismiss or affirm. In dismissing the motion, this court stated:

"Appellees assert that the appellant, although setting forth a third amended complaint in its entirety in his brief, failed to include the lease which was attached thereto and made a part of the complaint. Inasmuch as this appeal is not fully briefed and inasmuch as appellant's brief is yet subject to amendment, we refrain from any discussion on the asserted fatal defect in the appellant's brief."

The court, as noted above, inferred that the appellant might amend to correct the defect. Nothing was done by the appellant to correct the defect.

The reasons requiring the appellant to set forth the said lease or the pertinent and relevant parts thereof are particularly evident in the case at bar. The substance of the covenant relied upon by the appellant as a third party beneficiary in no way relates to the sub-lessee (appellant). Therefore, in order to interpret said clause as being made for the benefit of a third party, this court would be required to determine the intent of the parties from the lease itself or the relevant parts thereof. *Blackard* v. *Monarch's, etc., Inc.* (1960), 131 Ind. App. 514, 169 N. E. 2d 735. The intent of the parties is the controlling factor in resolving the question of the rights of a third party beneficiary: such determination must be established from the manifestations of the parties as exhibited by the terms of the written lease and testimony related thereto. *Jackman Cig. Mfg.* v. *John Berger & Son* (1944), 114 Ind. App. 437, 52 N. E. 2d 363. In the instant case there is no testimony as this appeal is from the trial court's rulings on the demurrers. Consequently, in such determination we could only look to the written instrument. However, in his brief the appellant has failed to provide this

court with either the substance of the lease or the exact provisions of the relevant and pertinent parts thereof.

Supreme Court Rule 2-17 provides:

"The brief of appellant shall contain short and clear statements disclosing: . . . (d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript."

If the errors relied on are not set forth as the rules require, they shall be deemed waived. Supreme Court Rule 2-17(f).

In *Harrell* v. *Harrell* (1957), 127 Ind. App. 443, at p. 444, 142 N. E. 2d 644, it is stated:

"The rules of procedure as defined by the Supreme Court of this state have the force and effect of law and are binding upon the litigants and this court alike."

Although this court prefers to decide cases on their merits, we do not search the record to reverse. We stated in *Coats et ux.* v. *Clanin et ux.* (1958), 128 Ind. App. 195, at p. 196, 147 N. E. 2d 555:

"While we always prefer to decide cases on their merits, this Court and the Supreme Court have repeatedly held that we, as well as the litigants, are bound by the Rules of the Supreme Court. This Court cannot, without searching the record, determine the questions which appellants seek to raise. This we are not required to do."

See also *Coleman, Ransom* v. *State* (1961), 241 Ind. 663, 175 N. E. 2d 25 and *Grecco* v. *State* (1960), 240 Ind. 584, 166 N. E. 2d 180, 167 N. E. 2d 714. The appellant does not need to set forth the lease in "haec verba," but only those parts which concern the question. *Motorists Mutual Insurance Company* v. *Johnson* (1964), 245 Ind. 315, 198 N. E. 2d 606; *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products* (1963), 135 Ind. App. 46, 188 N. E. 2d 278. The appellant does not do this. The only place this court can find the pertinent parts of the lease to determine the question of

error is in the record as presented by the transcript. This we cannot do under the state of the record in the matter before us.

As to the justification for this rule, our Supreme Court has stated:

> "The rules in general do provide that appellant's original brief present his assertions of errors, and so much of the record as may be involved in the determination of the issues he presents on appeal. Each Judge is entitled to be so advised from this brief, and he is not required to examine the record for this information." *Board of Med. Regist. and Exam.,* etc. v. *Bowman* (1958), 238 Ind. 532, at p. 533, 150 N. E. 2d 883.

The above is further exemplified as an interpretation of the rule in *Joslin et al.* v. *Ketcham, Admr.* etc. (1959), 130 Ind. App. 446, at pp. 450-451, 161 N. E. 2d 445:

> "It must be remembered that the purpose of an appellant's brief is to permit each Judge of this Court to intelligently consider the questions presented from the brief alone. *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166. There are now eight Judges in banc, and four judges to each Division, sitting in this Court. There is only one transcript of the record. Thus, all but one of the Judges must rely on appellant's brief in order to properly understand the case.

Although, if we find that the Supreme Court Rules are substantially or in good faith complied with, this will be sufficient. In this appeal not only was the omission called to the appellant's attention, but he failed to request leave to amend his brief. This certainly is not an attempt at a good faith compliance. *O'Neal,* etc. *et al.* v. *Estate of Grace,* etc. (1961), 241 Ind. 246, 171 N. E. 2d 828; *Noe* v. *Fargo Insulation Co.* (1965), 139 Ind. App. —, 204 N. E. 2d 883; *Evans* v. *Pope* (1957), 127 Ind. 386, 141 N. E. 2d 924; *Waters et al.* v. *Perfect Circle Corporation* (1953), 124 Ind. App. 70, 73, 114 N. E. 2d 436.

Therefore, appellant's asserted theory of his right of action

to recover as a third party beneficiary is not properly before this court and is thereby waived pursuant to Supreme Court Rule 2-17 clauses (d) and (f), *supra*. Consequently, the exclusion of the lease or the provisions thereof, necessary to a determination of the question, is fatal to the appeal on this theory.

For all of the foregoing reasons, we hold that the trial court's rulings and judgment should be affirmed.

Affirmed.

Smith, P. J. and Bierly, J. concur.

Mote, J. concurs in result only.

NOTE.—Reported in 211 N. E. 2d 797.