**Dean HARMAN and Linda Harman d/b/a Lowery Sewing Center, Appellants (Plaintiffs Below),**

v.

**C.E. & M., INC.; Soil Testing and Engineering, Inc.; and D.M. Snyder & Associates, Appellees (Defendants Below).**

**No. 3–1085A272.**

Court of Appeals of Indiana, Third District.

June 25, 1986.

James S. Butts, Rasor, Harris, Lemon & Reed, Warsaw, for appellants.

William E. Borror, Thomas L. Wooding, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee C.E. & M., Inc.

HOFFMAN, Judge.

Plaintiffs-appellants Dean and Linda Harman d/b/a Lowery Sewing Center (the Harmans) appeal from an adverse summary judgment order in favor of defendant-appellee C.E. & M., Inc.[1]

The basic facts relevant to the appeal were stipulated to by the parties and disclose that the Harmans contracted with Hoosier Construction Company, Inc., in April 1979, for construction of a building which would utilize a floating slab floor as opposed to a structural slab. Hoosier then entered into an oral contract with C.E. & M., a professional engineering firm, for drawings above the slab, for procurement of a certificate of compliance from the Administrative Building Council of the State of Indiana, and for periodic inspection at the construction site to assure conformity with the plans. The oral contract between Hoosier and C.E. & M. specifically excluded any responsibility for the slab or the foundation and the drawings for each.

It was further stipulated that C.E. & M. placed its seal on drawings which it had made and that drawings made by another engineer bore his seal. C.E. & M. performed the duties which it expressly assumed under the oral contract and the building as constructed met all state building code requirements.

Due to the highly compressible soil upon which the building was constructed, the floating slab floor sunk six to eight inches. C.E. & M. was hired after the determination as to site selection and use of the floating slab.

On May 15, 1985 the court granted C.E. & M.'s motion for summary judgment. In granting the motion, the court stated specifically that it did not consider the opinions of the Harmans' expert witness, an engineer, on the duties of C.E. & M.; in that, the determination of a legal duty is a question of law for the court.

The Harmans present several issues for review which as restated and consolidated are:

(1) whether professional licensing statutes for engineers can form the basis for a private cause of action by owners of a building with a defective condition, even though the engineer contracted only with the general contractor and specifically excluded any responsibility for the defective portion of the building; and

(2) whether the trial court erred in failing to consider the opinion of the Harmans' expert witness.

---

1. Although the caption of the case includes two other defendants, the summary judgment and the appeal refer only to C.E. & M.

When reviewing the grant of summary judgment, this Court must determine whether there exists any genuine issue of material fact and whether the trial court correctly applied the law. *Green v. Universal Tool & Stamping Co., Inc.* (1985), Ind.App., 476 N.E.2d 511, 513–14. In the present case the issues are directed to the correct application of the law.

■ The Harmans premise their cause of action upon three licensing statutes, and two rules promulgated by the Indiana State Board of Registration for Professional Engineers and Land Surveyors. Even assuming that the licensing statutes created a private right of action for the Harmans,[2] C.E. & M.'s contract specifically excluded responsibility for the slab and any engineering below. Although the Harmans were not parties to the contract, if they were found to be third-party beneficiaries, they could directly enforce the contract. *Mogensen v. Martz* (1982), Ind.App., 441 N.E.2d 34, 35. However, as third-party beneficiaries the Harmans' rights are tied to the contract provisions. *Cf., Loper v. Standard Oil Company et al.* (1965), 138 Ind.App. 84, 90, 211 N.E.2d 797, 801.

Generally, the duties of an architect depend upon the agreement with his employer.

*Greenhaven Corp. v. Hutchcraft & Associates* (1984), Ind.App., 463 N.E.2d 283, 285;

*see also,* 6 C.J.S. Architects § 25 (1975).

This general policy is also applicable to engineers. Because the contract specifically excluded liability for the defective condition, the Harmans are not entitled to recovery on their first allegation of error.

■ The Harmans' second issue questions the trial court's decision not to consider the Harmans' expert witness' opinion that C.E. & M. was responsible for the defective condition and owed the Harmans a duty. As in *Breese v. State* (1983), Ind. App., 449 N.E.2d 1098, 1111, the trial court

determined that the expert was asked to submit a legal conclusion. The determination of legal duties is within the province of the court.

The Harmans contend that the expert was not referring to a legal duty but rather a failure to follow ordinary practices. In keeping with this Court's decision in *Breese, supra,* an intention to refer to a duty other than a legal duty should have been made clear at the trial court level. The court did not err in ignoring the expert's opinion on C.E. & M.'s duties.

The trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and CONOVER, J., participating by designation, concur.

---

**2.** Because a decision on the private cause of action would be superfluous to a determination of the first issue, the question is specifically reserved for an appropriate case. For a deci-

sion where licensing statutes were held not to create a private cause of action see, *Wick Realty, Inc. v. Napili Sands Maui Corp.* (1980), 1 Hawaii App. 448, 620 P.2d 750.