## KUHN *v.* KUHN ET AL.

[No. 18,546. Filed February 7, 1955.
Rehearing denied March 11, 1955.]

338

*Bowser & Bowser,* of Warsaw, for appellant.

*John R. Harman,* of Elkhart and *Widaman & Widaman, John D. Widaman,* of Warsaw, for appellee, Josephine L. Kuhn.

KENDALL, J.—Appellant brought suit in the lower court against her son, Franklin E. Kuhn, for specific

performance of a common-law award of a board of arbitrators. After the award was made, Josephine Kuhn, wife of Franklin E. Kuhn, but living apart, filed her petition to intervene and to be made a party defendant, which petition was granted. She then filed a demurrer to appellant's complaint, which was over-ruled. The court sustained appellant's demurrer to paragraph two of Josephine Kuhn's answer but over-ruled appellant's demurrer to Josephine Kuhn's third paragraph of answer and her cross complaint. Appropriate answers were subsequently filed. On appeal, appellee Franklin E. Kuhn does not appear, neither does he file brief. Josephine Kuhn contended by her answer that the agreement to arbitrate between the appellant and appellee, Franklin E. Kuhn, was fraudulent as against her; that she and Franklin E. Kuhn were married on February 1, 1945 and separated on the 29th of September, 1952; that she filed a suit for divorce on October 3, 1952 and among other relief sought was alimony in the sum of $25,000.00; that the conveyance of the real estate in question to the appellant by appellee, Franklin E. Kuhn, would seriously jeopardize her ability to collect alimony judgment if awarded and further alleged that Franklin E. Kuhn did not have sufficient other property subject to execution to pay the alimony sought.

Trial was had by the court upon the issues raised. The court entered its finding for both defendants (appellees) on appellant's complaint, for appellant and for appellee Franklin E. Kuhn on the cross complaint of Josephine Kuhn and entered its judgment that the appellant take nothing by her complaint and that the appellee, Josephine Kuhn, take nothing on her cross complaint taxing costs against the appellant.

Appellant's motion for new trial contained two specifications, viz.: that the decision of the court was not

sustained by sufficient evidence and was contrary to law. The assignment of errors are: (a) that the court erred in overruling appellant's demurrer to appellee Josephine Kuhn's third paragraph of answer; (b) that the court erred in overruling appellant's motion for new trial.

On February 27, 1950, the appellant and her husband, Benjamin F. Kuhn, now deceased (died April 4, 1950), entered into a written contract with their son, Franklin E. Kuhn, whereby the parties mutually bound themselves. Franklin E. Kuhn was to furnish a good and comfortable home, support, food, transportation, etc. during the remainder of the life of his parents. The parents agreed to convey their real estate consisting of two hundred and eighty-five acres. The parents further agreed to execute a will conveying all property, real, personal and mixed, to their son, Franklin E. Kuhn. The contract contained a provision for arbitration for the settlement of a disagreement should one arise, the pertinent portions being as follows:

"III. PROVISIONS FOR ARBITRATION OF DISAGREEMENT

"In case of a disagreement between the heir and the parents regarding the performance of any of the conditions of this contract, either by the heir or the parents, then and in that event the parties hereto consent to submit their differences of opinion to a Board of Arbitration, this Board of Arbitration shall consist of one individual named by the parents and one individual named by the heir. These two individuals shall name a disinterested third party and the question or point of disagreement shall be decided by a majority of the three members of the Board of Arbitration. Any decision made by the Board of Arbitration shall become binding upon both the heir and the parents."

Section IV is as follows:

## "IV. PROVISIONS OF TERMINATION

"In case the Board of Arbitration should decide that the real estate and personal property should be reconveyed to the parents and that this contract terminated, then and in that event the board shall *made* a determination and finding regarding a reasonable amount to be paid to the heir for the services which he has rendered and for any other expenses incurred in the performance of this contract. Such an amount shall be paid to the heir less any allowance for income received from the operation of the farm."

The parents conveyed by quit-claim deed the real estate described in the contract which was duly recorded and Franklin E. Kuhn entered upon the performance of his obligations until October 25, 1952, on which date a notice was served on Celia S. Kuhn, signed by Franklin E. Kuhn, which acknowledged the execution of the contract for support and in which notice he stated in certain and definite terms that he was in default in several instances in the performance of the contract; that he was unable to carry out in any manner or form the provisions thereof which would be profitable to himself and further gave notice of his election to repudiate said contract in full and therein selected his arbitrator.

On October 29, 1952, the appellant and appellee, Franklin E. Kuhn, executed an agreement to arbitrate according to the terms of the contract originally made. Mrs. Kuhn likewise selected her arbitrator. The two arbitrators appointed a disinterested third arbitrator as authorized by the contract. In the agreement to arbitrate, it was stipulated to submit to the board of arbitrators for their final decision the following questions by which they agreed to abide by the board's decision:

(1) Has Franklin E. Kuhn committed a substantial breach of contract?

(2) Should the contract be terminated?

(3) Is Celia S. Kuhn entitled to reconveyance to her share of the farm?

(4) What, if anything, should be the conditions imposed upon the respective parties in event the contract is terminated and the decision is for reconveyance of the farm?

There was a hearing before the arbitrators and a decision made, the terms of which were that the appellee, Franklin E. Kuhn, was to reconvey the 285-acre farm to the appellant; that he assign and transfer the farm machinery, tractor and hand-tools located on the real estate and that he pay to her the sum of $1,146.75; that Mrs. Kuhn assume the responsibility for the payment of a mortgage on the real estate executed by Franklin E. Kuhn in the sum of $6,202.50, which mortgage was placed on the real estate in question after the execution of the contract and transfer of the real estate to Franklin E. Kuhn.

The Board of Arbitrators among other findings found that on February 27, 1950, Franklin E. Kuhn owed appellant $4,200.00 which was the balance due on money advanced to him. This was affirmed by Josephine Kuhn; that Franklin E. Kuhn paid appellant toward her support one-half of the net proceeds from the farm. This was confirmed by Josephine Kuhn; that Franklin E. Kuhn failed to pay taxes, insurance and installment on the mortgage totaling $838.50; that the appellant was required to pay the same for which she had not been reimbursed. Josephine Kuhn contended that she had no knowledge of the support contract until she became a party defendant at her own instance; however, she did testify that she always felt they had to support her, meaning Mrs. Kuhn, as long as she lived.

Considering the testimony of Josephine Kuhn, it is apparent that there was a burden attached to the performance of the support contract. The board answered in substance the questions propounded to them by their decision that Franklin E. Kuhn had committed a breach of contract, that it should be terminated, cancelled and rescinded, and that the parties be placed as nearly as possible in the position they were at the time of execution of the contract.

Upon the foregoing facts, two questions are presented for consideration: (1) whether or not there is evidence in the record which would permit an inference of intent to defraud; (2) whether or not the instruments referred to were executed upon a condition subsequent, and, if so, had the condition been broken so as to entitle the appellant to a right of the conveyed real estate.

The case of *Lord and Others* v. *Fisher and Others* (1862), 19 Ind. 7, involved a case where the creditor knew that his debtors were in failing circumstances and were contemplating an assignment for the benefit of the creditors generally, persuaded them to confess judgment before a Justice of the Peace and then had executions levied on the debtor's personal property. Thereafter, the debtors made an assignment of their property to the trustee to pay their debts. Other creditors filed suit to enjoin the trustee from paying Fisher's lien. The Supreme Court sustained the trial court's dismissal of the complaint.

We believe that under the facts presented here that the appellant had a stronger claim and interest to the 285-acre farm than did the creditor Fisher against the debtor's personal property in the Lord case, *supra*. The appellant's interest in the farm existed long before the agreement to arbitrate and the making of the contract for support. Under the provisions of the support

contract the appellant would clearly be entitled to reconveyance of the farm upon either (a) a default in performance of any of Franklin Kuhn's obligations under the contract; or (b) appellant's dissatisfaction with Franklin Kuhn's performance of the contract in which event she could, with Franklin Kuhn's consent, submit the matter to a board of arbitrators which, if it felt inadvisable, could terminate the contract, order reconveyance of the farm and fix the terms thereof. Obviously, in view of the transfer of the real estate by the Kuhns, the contract was so drawn as to protect the interests of Dr. and Mrs. Kuhn. Before the making of the contract and the transfer of the farm, the real estate belonged to the appellant and her husband. The appellee Josephine Kuhn had no interest in it whatsoever. The parents had a right, so far as the record shows, to make any kind of a conveyance together with contract as they might see fit. Likewise, they had authority to protect their interest in the future should any dispute arise.

Under the facts presented, the support contract and the deed having been executed within a period of seventeen (17) days, they constituted a part of the same transaction, and, when taken together, created an estate in Franklin E. Kuhn upon the condition subsequent that he would perform the covenants thereof pertaining to support and maintenance of his parents, and, upon his failure to comply therewith, the condition subsequent was broken. The word, "condition" itself is not necessary to the creation of an estate upon condition if it plainly appears from the wording used, as it does in this case, that it was the intent of the parties to create an estate of that particular kind and description. *Stilwell et ux.* v. *Knapper* (1880), 69 Ind. 558. In the construction of such instruments

as are now under consideration courts seek to ascertain and give effect to the real intention of the parties as such intention may be given from the language of the whole instrument. The intention is what the law applies itself to in determining the legal effect thereof.

From the nature of the acts to be performed by Franklin E. Kuhn and the time required for its performance, it was evidently the intention that the estate would be held by Franklin E. Kuhn and enjoyed on condition that he perform the acts specified. In that event, such a conveyance is upon condition. Especially is that true when the appellant had reserved no other remedy for the enforcement of the performance of the conditions and obligations on the part of Franklin E. Kuhn. Under such a situation a condition subsequent arises by clear implication. 2 Wash. Real Prop. 7; *Leach* v. *Leach* (1853), 4 Ind. 628. We therefore regard the terms stated in the contract that Franklin E. Kuhn would provide certain support and maintenance for his parents for the remainder of their lives upon transfer to him of certain real estate as expressive of conditions subsequent, a breach of which would forfeit the estate at the election of Mrs. Kuhn, appellant. After the elapse of approximately two years, the son admitted that he was in default and could not comply therewith and voluntarily chose to abandon the contract. This leaves but one conclusion that Franklin E. Kuhn availed himself of the opportunity to find an excuse for non-compliance with his portion of the agreement.

It is a general rule that courts tend to construe provisions in conveyances such as the one under consideration from parents to children where the consideration is that of future support as a condition subsequent rather than simply liens or

covenants. *Richter* v. *Richter et al.* (1887), 111 Ind. 456, 12 N. E. 698; *Cree, Administrator et al.* v. *Sherfy* (1894), 138 Ind. 354, 37 N. E. 787.

We find no evidence against appellant of any secret trust or fraud. *Lowry and Another* v. *Howard and Another* (1871), 35 Ind. 170. The mere pendency of the suit for divorce by appellee Josephine Kuhn in itself constitutes no evidence of fraud in view of appellant's exercise of her right to arbitrate. In fact, the pending suit gave cause for appellant's exercise of the right given her under the contract. *Lord* v. *Fisher, supra.* Especially is this true in view of the uncontradicted evidence of the deed from the parents to Franklin E. Kuhn; the support contract; the broken conditions and repudiation thereof; and the findings of the board of arbitrators, all of which were in evidence and which were unrefuted by Josephine Kuhn. Such facts clearly rebutted any inference of fraud that otherwise under different facts might properly be drawn from the fact of a pending divorce suit.

In the case of *Hubbs* v. *Bancroft* (1853), 4 Ind. 388, the Supreme Court, in reversing the trial court setting aside such conveyance under such facts, stated:

> ". . . the ground upon which we decide is that the evidence, in our opinion, does not show the conveyance to have been made or received with intent to hinder, delay or defraud creditors. Therefore, the decree must be reversed, and the circuit court ordered to dismiss the bill."

In the Hubbs' case, *supra,* there was a *sale* to one not a creditor and for a new and inadequate consideration and not with intent to prefer any debt. There, the undisputed evidence rebutted the inference of fraud and the Supreme Court reversed the setting aside of the conveyance which in effect held that the evidence did not show an intent to defraud. That case is stronger

than the present one, for in the case at bar there is no evidence of intent to defraud; Under the evidence the appellant was justified in exercising her right to enforce her condition subsequent to the contract for support.

True it is that Josephine Kuhn testified that she had no notice of the arbitration proceedings to which she was not a party. She had no inchoate interest in the 285-acre farm as against appellant's rights to enforcement of the condition subsequent as expressed in the contract. *Sarver* v. *Clarkson* (1901), 156 Ind. 316, 59 N. E. 933. In view of the testimony of Josephine Kuhn that she knew under the contract Dr. and Mrs. Kuhn were to be supported for the rest of their lives, it is apparent that the truth of the facts found by the arbitration board rebutted any inference of fraudulent intent. Further considering the testimony of Josephine Kuhn, it is apparent that appellant was the equitable owner of the farm. In answer to what interest she claimed, Josephine Kuhn answers, "Morally, I did not have any claim but I have a little money tied up in that . . . " The answer infers that someone owes her money, but that in itself is no reason to deny appellant the relief she sought.

We fail to find any evidence of intent to defraud Josephine Kuhn in this case. Neither is there evidence showing any causal connection between the agreement to arbitrate and the award as made. Neither is there evidence of a threatened injury to Josephine Kuhn as a creditor. There is a lack of evidence to the effect that the appellant entered into the contract for support the agreement to arbitrate with intent to hinder, delay or defraud Josephine Kuhn. Under the particular facts of this case, the transaction created an estate upon a condition subsequent which it is clear that the condition

upon which said instruments were executed was broken by appellee Franklin E. Kuhn. The judgment is therefore contrary to law and error was committed in overruling appellant's motion for new trial.

Judgment reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 123 N. E. 2d 916.