COATS ET UX. *v.* CLANIN ET UX.

[No. 18,950. Filed January 24, 1958.]

*Alva Cox,* of Muncie, for appellants.

*Brady & Watson,* of Muncie, for appellees.

ROYSE, P. J.—We are informed by appellants' brief that appellees brought this action against appellants for the specific performance of a contract to convey real estate which was being purchased by appellees from appellants. It is stated the issues were formed by appellees' complaint, appellants' answer in two paragraphs, the first of admission and denial under the rules and the second alleging repudiation and breach of contract, and appellees' reply to the second paragraph of answer.

Trial to the court resulted in judgment that appellees were entitled to specific performance of the contract,

and damages in the sum of $100.00. Appellants' motion for a new trial on the grounds the finding of the court is not sustained by sufficient evidence and is contrary to law was overruled. The error assigned here is the overruling of that motion.

Appellants' brief does not set out the pleadings that were filed in the trial. Under the heading, "Concise Statement of So Much of the Record As Fully Presents Every Error and Objection Relied On," they set out only the finding and judgment of the court.

Under the heading, "Condensed Recital of the Evidence in Narrative Form," frequent reference is made to a contract for purchase of real estate between appellants and appellees, and it is stated this contract was introduced in evidence. But nowhere in the brief is the contract set out in whole or in substance. The same is true of other exhibits referred to in the recital of evidence. We have only appellants' conclusions as to what these exhibits provided.

While we always prefer to decide cases on their merits, this Court and the Supreme Court have repeatedly held that we, as well as the litigants, are bound by the Rules of the Supreme Court. This Court cannot, without searching the record, determine the questions which appellants seek to raise. This we are not required to do.

Because of the failure of appellants to comply with Rule 2-17 (b)-(d), no question is presented. *Mendenhall, Extr., etc.* v. *Mendenhall* (1955), 125 Ind. App. 519, 124 N. E. 2d 873 (Transfer denied); *Bennett* v. *James H. Drew Corporation* (1956), 126 Ind. App. 557, 133 N. E. 2d 886; *Waters et al.* v. *Perfect Circle Corporation* (1953), 124 Ind. App. 70, 114 N. E. 2d 436; *Hughes et al.* v. *The State Bank of West Terre Haute* (1954), 124 Ind. App. 511, 117 N. E. 2d 563

(Transfer denied) ; *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166.

The judgment is affirmed.

NOTE.—Reported in 147 N. E. 2d 555.