THE BALTIMORE AND OHIO RAILROAD COMPANY *v.* LILLY PAINT PRODUCTS, INC.

[No. 19,542. Filed February 25, 1963. Rehearing denied March 22, 1963. Transfer denied July 2, 1963.]

*Martz, Beattey & Wallace,* of Indianapolis, for appellant.

*Carl E. Stilwell,* and *Stilwell, Hackemeyer & Life,* of counsel, of Indianapolis, for appellee.

KELLEY, J.—In 1948 appellee shipped over appellant's road six carloads of pail paint from Indianapolis to Port Transportation Officer, San Francisco Port of Embarkation, Oakland, California. It appears that appellee sold the paint by written contract to the United States Government and that the paint was actually exported by steamship to Manila in the Philippine Islands and Naha, Okinawa. The appellant charged appellee an "export" freight rate of One Dollar and thirty-five cents ($1.35) per cwt., which was paid by appellee in the total sum of $6218.28.

Appellant, proceeding on the asserted ground of error made in the rate charged and collected, seeks by this action to recover from appellee the difference between the rate charged and a rate of One Dollar and ninety-four cents ($1.94) per cwt., the latter representing what

is referred to as the "domestic" rate, amounting to the total sum of $9079.58, together with a tax of $85.84.

The cause, appropriately put at issue, was tried to the court, without jury, and resulted in a general finding against appellant and that it take nothing by its complaint. Accordant judgment followed the finding. The error here assigned is the overruling by the court of appellant's motion for a new trial.

The motion for new trial contains four specifications. The first three specifications pick out and designate certain phrases, sentences, or parts of the general finding of the court and assert that the same are not sustained by the evidence. These specifications are unavailing to appellant since the finding was general and appellant bore the burden of proof. The finding must be challenged as a whole, *Morsches-Nowels Lumber Company* v. *Pence et al.* (1939), 106 Ind. App. 219, 222, 18 N. E. 2d 958, and a negative decision may not be attacked upon the ground of insufficient evidence to sustain it, *McKee* v. *Mutual Life Insurance Company of New York* (1943), 222 Ind. 10, 12, 51 N. E. 2d 474; *Pokraka et al.* v. *Lummus Company* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669.

The fourth and only new trial motion specification subject to our attention is that the decision of the court is contrary to law. This specification warrants the appellant to assert that the decision of the trial court denied it relief to which, under the law and the evidence, it was conclusively entitled. *Kendall Lumber & Coal Company, Inc.* v. *Roman et al.* (1950), 120 Ind. App. 368, 372, 91 N. E. 2d 187. However, it is only where the evidence is without conflict and can lead to but one reasonable conclusion, opposite to that conclusion reached by the trial court, that the decision of the trial court will be set aside as

being contrary to law. *Pokraka* v. *Lummus Company, supra,* page 532, point 7; *Theo. Losche & Sons, Inc.* v. *Chas. Williams & Associates, Limited* (1948), 118 Ind. App. 392, 395, point 3, 78 N. E. 2d 447.

At the trial of this cause there were some twenty-three (23) exhibits offered and received in evidence. Many of these documents were vital to appellant's cause. Without them appellant could in no wise have established or sustained the allegations of its complaint and the bill of particulars attached thereto and made a part thereof. Appellee says in its brief: "The identity of the applicable tariff, Trans-Continental Freight Bureau West Bound Export Tariff No. 29-I, is not in dispute. *In dispute though, is the construction of that tariff in application to the shipments in question.*" (Emphasis supplied). Appellee further says: "the contract (Plaintiff's Exhibit 1) showing shipment was to be made to Port Transportation Officer, San Francisco Port of Embarkation, Oakland, California, had been exhibited to and examined by it (appellant) . . . the bills of lading (Plaintiff's Exhibits 4-9) showed shipment to Port Transportation Officer, San Francisco Port of Embarkation, Oakland, California, and carried notation 'For Export.' " We have quoted from appellee's brief to demonstrate the importance of the exhibits mentioned as bearing on the issues made and submitted for trial in the trial court. Such documents, and others, are equally as vital and important to us, and our observation, review and interpretation thereof, in considering appellant's charge that the decision of the trial court is contrary to law.

Yet, notwithstanding their essentiality and pertinence to the determination of appellant's contention and claim of error, the latter has failed to set them forth, either in haec verba or in substance, in its brief. In its brief,

appellant makes reference to the documentary exhibits and in some instances extends a limited statement as to what the particular exhibit is or represents and where it may be found in the transcript, but the essential or requisite parts or portions of the exhibits are not given or set out.

Plaintiff's Exhibit 1 is identified by a witness as "a contract from the Chicago Procurement Office, Department of the Army, Corps of Engineers" and the witness then "stated for the record" that the following appeared on page 5 with regard to consignee of the shipment:

> "All prices on this proposal f.o.b.
> San Francisco, Port of Embarkation,
> Oakland, California."

It is then said that said exhibit appears at certain given pages in the transcript. That is all that is given concerning said exhibit. A witness stated that plaintiff's Exhibit No. 2 was "certain pages of the original tariff and supplements which provided for the domestic rate of $1.94 per cwt., these being pages of Trans-Continental Tariff I-Z, ICC, 1524." Appellant then avers in its brief that said exhibit No. 2 "constitutes pages 64 to 122 inclusive of the transcript. The relevant portions pertaining to the matter of the rate . . . appear at pages 67, 72, 78 (reverse) and 83." That is all that is given of Exhibit No. 2.

Defendant's Exhibit A is not identified and the only statement relative thereto is that it "constitutes page 143 of the Transcript." The witness then identified Plaintiff's Exhibit 3 "as an excerpt, including reproduction of the original title page of the original Tariff, No. 20-I, ICC, 1526." Said "excerpt" and "title page"

are not set out. Plaintiff's Exhibits Nos. 4, 5, 6, 7, 8 and 9 are stated as "representing bills of lading on the several shipments above described . . . . Plaintiff's Exhibit 4 appears at page 147 of the transcript; Exhibit 5 at page 148; Exhibit 6 at page 149; Exhibit 7 at page 150; Exhibit 8 at page 151 and Exhibit 9 at page 152." No part of the said bills of lading is set forth. Plaintiff's Exhibits numbered 10, 11, 12, 13, 14 and 15 were identified as "correct freight bills on the several shipments involved." That was all that was given concerning the "correct freight bills," except that the page numbers of the transcript which the Exhibits "constitutes" are set out. Plaintiff's Exhibit 3 is stated to be the "Trans-Continental Freight Bureau, West-Bound Export Tariff No. 29-I" which consists of "pages 163 to 170 inclusive of the Transcript, and the applicable portions appear on pages 164, 165 and 170 of the Transcript." The "applicable portions" of said Tariff No. 29-I, are not set forth or given in substance. It must be said, however, that Items 217-C, 235 and 270 of said Exhibit 3 are set forth in appellee's brief. A portion of said Item 235 concerning the application of rates "only to freight which . . . does not leave the possession of the rail carriers until delivered to common carriers by water at the Pacific Coast ports of interchange . . ."is set out.

Defendant's Exhibit B was identified as a letter "constituting corrected freight bills and waybill corrections" representing "the difference between the export and the domestic rate on the car in question." Lastly, defendant's Exhibits C, D, E, F, G and H are identified as "several checks" given on the export basis in payment of freight billing and the pages of the transcript where they appear are given.

Where asserted or claimed errors are dependent upon documentary evidence, such as exhibits, a failure to set forth such exhibits, in material substance or by copy, in the condensed recital of the evidence in the brief, is held to be a waiver of the charged error, except where the same are supplied in the opposing brief. *Coats et ux* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 147 N. E. 2d 555; Flanagan, Wiltrout and Hamilton, *Indiana, Trial and Appellate Practice,* §2677, Comment 8, 1961 Pk. Pt.; 2 I. L. E., *Appeals,* §385, points 94 to 98 inclusive. And the conclusion of counsel as to what the exhibits provided is not sufficient. *Coats et ux.* v. *Clanin et ux, supra.*

Appellant can successfully establish by the record that the decision of the trial court is contrary to law only by the evidence and by showing an erroneous interpretation and construction by the trial court of the provisions of plaintiff's Exhibit 1 (being the contract between appellee and the United States Government), appellant's Exhibit 3 (being the Trans-Continental Freight Bureau, West Bound Export Tariff No. 29-I), and the several bills of lading (appellant's Exhibits 4, 5, 6, 7, 8 and 9), as applied to the engagements and transactions of the parties. In the absence of said documents in the condensed recital of the evidence in appellant's brief or any showing that no part or provisions of the same had or could have had any bearing or decisive influence upon the decision as made by the trial court, we must assume, in support of the court's decision, without search of the record, that the documents contained sufficient to warrant the court's interpretation and construction thereof under all the facts and circumstances made apparent by the evidence.

In this appeal appellant has failed to establish by the

record that the decision of the court is contrary to law and, consequently, the judgment must be affirmed.

Judgment affirmed.

Mote, P. J., Hunter, J., concur; Pfaff, J., concurs in result.

NOTE.—Reported in 188 N. E. 2d 278.