MOTORISTS MUTUAL INSURANCE COMPANY *v.*
JOHNSON, ADMRX.

[No. 19,476. Filed October 4, 1963. Remanded to Appellate Court May 18, 1964. New opinion filed July 14, 1966. Transfer denied December 6, 1966.]

*Emerson Boyd, Robert C. Riddell* and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, and *Christian, White, Waltz & Klotz,* of counsel, of Noblesville, for appellant.

*Addison M. Dowling,* of Indianapolis, *Russell I. Richardson,* of Lebanon, *Frank W. Campbell,* of Noblesville, and *Stewart and Richardson,* of Lebanon, *Campbell, Campbell, Malan & Kyle,* of Noblesville, and *Albert W. Ewbank,* of Indianapolis, of counsel, for appellee.

MOTE, C.J.—Appellee commenced an action on October 15, 1954, later venued from Marion County to the Hamilton Circuit Court, where it was docketed as Cause No. B-0466, against William Farley and William Gammon for the wrongful death of appellee's decedent. On June 8, 1956, a judgment in the sum of fifteen thousand ($15,000.00) dollars was rendered against them on a verdict by a jury in said cause.

The record shows that appellee's decedent was hit and killed by an automobile during the early morning of October 18, 1952. The automobile, driven by the said Gammon, owned by said Farley, was insured by appellant.

Because of the failure to collect, and the non-payment of, the judgment rendered in said Cause No. B-0466 on June 8, 1956, appellee commenced this action on July 26, 1958, against

appellant, docketed in the Hamilton Circuit Court as Cause No. B-2231, by filing a complaint based upon the contract or policy of insurance on the automobile owned by Farley, designed to protect and insure him and any other person using said automobile with Farley's permission. The said complaint, among other things, alleged that appellant refused to defend Gammon in the trial of the tort action despite Gammon's statement, and subsequent sworn testimony prior to and at the trial, that he was using the vehicle during the time in question with Farley's permission; and although appellant caused attorneys to appear and plead for Farley in said tort action, said attorneys once withdrew at the trial, then reappeared for him, then made a second attempt to withdraw after Farley's testimony which was contrary to the information previously given by him to appellant; that said second attempt to withdraw as attorneys of record for Farley, upon objection of plaintiff's counsel, was denied by the trial court; that appellant waived and was estopped to deny any defense to an instruction about to be given to the jury; which objection was sustained; and that Farley and Gammon had performed all conditions precedent required by the said contract or policy of insurance; thus entitling appellee to recover the amount of the tort judgment in the sum of fifteen thousand ($15,000.00) dollars, six (6) percent interest from May 25, 1956, and costs.

Attached to the said complaint were Exhibit A, the insurance policy; Exhibit B, the complaint in the prior tort or wrongful death action; Exhibit C, the answer of defendant Farley in said prior action; and Exhibit D, the jury's verdict in said prior action.

An insurance policy is a contract and its interpretation and construction is controlled by the same law as any other contract. *Metropolitan Life Insurance Company v. Alterovitz* (1938), 214 Ind. 186, 14 N. E. 2d 570. The rights and liabilities of the various parties to a contract must be ascertained by reading the contract in its entirety, rather

than from isolated parts or fragments. See *Ohio Oil Company et al.* v. *Detamore* (1905), 165 Ind. 243, 72 N. E. 906; *Ahlborn et al.* v. *City of Hammond* (1952), 232 Ind. 12, 111 N. E. 2d 70; *Kuhn* v. *Kuhn et al.* (1954), 125 Ind. App. 337, 123 N. E. 2d 916; *Wabash Life Insurance Company* v. *Hacker* (1960), 130 Ind. App. 342, 164 N. E. 2d 666, 78 A.L.R. 2d 755.

This case is predicated on an insurance policy which was attached to the complaint as an exhibit. The contract is not set forth in its entirety in appellant's brief. As an example, conditions 1, 2, 7, and 15 are included in the brief but the other conditions are omitted entirely.

This court has held that where asserted or claimed errors are dependent upon documentary evidence, such as exhibits, a failure to set forth such exhibits, in material substance or by copy, in the condensed recital of evidence in the brief, is held to be a waiver of the charged error, except where the same are supplied in the opposing brief. *The Baltimore and Ohio Railroad Company* v. *Lilly Paint Products, Inc.* (1963), 135 Ind. App. 46, 188 N. E. 2d 278; *Coats et ux* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 147 N. E. 2d 555.

As mentioned above, much of the policy has not been set forth, either in haec verba or in substance. Therefore, since the entire contract is not before this court, we cannot determine the rights and liabilities of the parties under the said contract.

If we are to adhere to the rules that have been established by the Supreme Court for the proper functioning of the court and determination of the questions sought to be presented, there must be presented to this court in the appellant's brief the same evidence which was considered by the lower court and jury in reaching the finding and verdict in the case. We cannot treat one litigant one way and require him to comply with the rules, and then favor another litigant by permitting him to violate the rules and yet receive consideration of this court on the merits. It has been said that perhaps the appel-

lant has put in his brief the parts of the insurance policy which may be controlling in the case. However, such contention, obviously, deprives this court of ascertaining whether or not other inferences could be drawn. In the case at hand, for instance, there may have been, and probably were, in the policy what are known in common understanding as "exclusion clauses." Now, without this policy before us in the appellant's brief, we are unable to determine whether any exclusion clauses could be or were considered by the court and the jury in arriving at the verdict in this case.

The judgment of the trial court is hereby affirmed. Hunter, Kelley and Pfaff, J.J., concur.

NOTE.—Reported in 192 N. E. 2d 769.