FARM AND HOME INSURANCE COMPANY v. KONRADI.

[No. 19,901. Filed June 30, 1964. Rehearing denied September 21, 1964.]

*Hagemier & Shannon,* of Indianapolis, for appellant.

*Richard L. Ewan,* of Lawrenceburg and *Albert W. Ewbank,* of Indianapolis, for appellee.

FAULCONER, P. J.—This is an appeal from a judgment of the Dearborn Circuit Court reforming a certain policy of insurance issued by defendant-appellant to the deceased husband of plaintiff-appellee who was also the beneficiary.

The controversy arose after the husband's death when the appellee filed a claim for $10,000, being the alleged maximum benefits under the policy in case of accidental death. The application for said policy showed that the number "10,000" had been originally written in the application following the printed words, "Principal Sum." The policy when issued contained the typewritten word "NONE" under the printed words "Principal Sum" in the Schedule of Insurance section of the policy. The above application had been altered by writing over the number "10,000" the word "NONE" followed by the words, "See Policy #34913." This latter mentioned Policy No. 34913 was a previous policy issued to appellee's husband in the principal sum of $10,000, which amount was duly paid by appellant to appellee.

Appellee contends that the second policy was also for $10,000, and that this was the understanding of appellee and her husband; that the change in figures in the application was made after the agent left with the application and was without their knowledge, consent or understanding, and that neither she nor her husband knew of the alteration of the application or the lack of death benefits in the second policy prior to his death.

Appellant contends that it never issues policies in excess of $10,000 on one life, and that appellee and her husband were so informed by its agent at the time they signed the application.

The controversy, therefore, is basically over the understanding and intentions of the parties involved concerning what the principal amount was in the second policy. In other words—what was the agreement?

After the adverse judgment appellant filed its motion for new trial containing grounds designated, "FIRST", "FOURTH", and "SIXTH", which motion was denied. Appellant took this appeal assigning as error the following:

"1. That the Court erred in its finding and judgment for the Plaintiff, Appellee herein.

"2. That the Court erred in overruling Appellant's Motion for a New Trial."

In the argument section of its brief appellant urges "its assignments of errors in connection with paragraph SIXTH of its Motion for New Trial." Therefore, all other grounds for new trial are waived as are all other assignments of error. Rule 2-17(e) of the Supreme Court, 1962 Revision; *State* v. *Smith et ux.* (1957), 237 Ind. 72, 74, 143 N. E. 2d 666; 3 F. & W. Ind. Pract. (1963 P. P.), §2677, p. 147.

Appellant's sixth paragraph of motion for new trial is "[t]hat the finding and decision of the Court is not sustained by sufficient evidence and is contrary to law, ... ."

Appellee filed a motion to dismiss or, in the alternative, to affirm the judgment, which motion to dismiss was denied and the "ruling on motion to affirm withheld until cause considered on its merits." Appellee's grounds attacking the lack of marginal notes and authentication of the Bill of Exceptions and the Reporter's Certificate have been cured, as has appellant's failure to set out the text or summary of the insurance policy.

Appellee next contends, for dismissal or affirmance, that appellant's brief wholly fails to comply with

Rule 2-17(d) of the Supreme Court in its condensed recital of the evidence.

"If the verdict or finding is assailed as contrary to law for lack of evidence, or as not sustained by sufficient evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form with references to pages and lines of the transcript as is necessary to present accurately and concisely a full understanding of the questions presented." Rule 2-17(d) of the Rules of the Supreme Court, 1962 Revision. "A failure to comply with this requirement waives questions depending on the evidence." F. W. & H. Ind. Tr. & App. Pract., §2677, p. 307.

Appellant has condensed into seven pages of its brief the evidence appearing in 162 pages of the transcript. There were 33 exhibits admitted into evidence in the trial court. Appellant's original brief contained none of the exhibits. However, two days before oral argument appellant amended its brief by supplying photostat copies of the second insurance policy (Plaintiff's Exhibit 2) and deceased's application for said policy (Defendant's Exhibit "A"). Appellee, in her brief, supplied a copy of the same application and a copy of the "Schedule of Insurance" portion of the second policy.

Appellant makes no reference in the condensation of the evidence section of its brief to direct, cross, re-direct or re-cross examination of the various witnesses.

Appellant condenses the evidence of Ruby S. Konradi (plaintiff below) into two pages of its brief, whereas her testimony covers 65 pages in the transcript.

The testimony of the other witness directly involved in the transaction, namely, Jack Maurer, appellant's

agent, has been condensed by appellant into two pages of its brief, while his testimony covers 27 pages in the transcript and the condensation is all in conclusions of the appellant. A deposition of the said Jack Maurer was introduced into evidence as plaintiff's Exhibit 22 and appears at pages 98 through 108 of the transcript, but no reference whatever is made thereto in appellant's brief. This the trial court had in addition to his oral testimony at the trial.

Appellant's brief is totally devoid of any reference to the testimony of two of plaintiff-appellee's witnesses whose combined testimony covers 13 pages in the transcript.

As to the documentary evidence available to the trial court, we have only three presented of the 33 admitted into evidence. Among the omitted exhibits, not set out in full or in substance in appellant's brief, but which were before the trial court, are the brochures used by appellant's agent, Maurer, in selling the policies; the receipts for the initial premium payments; registration cards signed by decedent; the notices of claims by the deceased and the extensive correspondence between appellant and deceased. The brochures were referred to many times by witnesses at the trial and examined extensively in an attempt by both parties to prove their contentions as to what the parties agreed to and understood. Other exhibits were examined by, and used in the testimony of, appellant's handwriting expert.

The basic controversy in this case and the question which the trial court had to decide *from all of the evidence admitted* was the intentions and understanding of the parties involved concerning the terms of the policy agreed upon.

Certainly, in order to determine whether the trial court erred in its conclusion regarding reformation of the policy of insurance, we must have before us substantially the same evidence that was before the trial court.

"Appellant's original brief is required to be prepared in such manner that a printed copy of the record for each Judge will be unnecessary for him to be properly advised on each matter involved in the appeal." *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 533, 150 N. E. 2d 883; *Livingston, Admr.* v. *Livingston, Trustee* (1961), 132 Ind. App. 572, 573, 178 N. E. 2d 466.

Judge Kelley, speaking for this court, in *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products* (1963), 135 Ind. App. 46, 188 N. E. 2d 278, at page 280, (Transfer denied), stated:

"Where asserted or claimed errors are dependent upon documentary evidence, such as exhibits, a failure to set forth such exhibits, in material substance or by copy, in the condensed recital of the evidence in the brief, is held to be a waiver of the charged error, except where the same are supplied in the opposing brief." See also: *Coats et ux.* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 147 N. E. 2d 555.

It is a well-settled rule that the Appellate Court will not search the record to seek sufficient evidence to support a reversal for the appellant. *Ross* v. *Clore* (1947), 117 Ind. App. 548, 551, 74 N. E. 2d 747; *Albertson* v. *Nix* (1944), 115 Ind. App. 128, 129, 57 N. E. 2d 206. Nor is the appellee required to assume the burden of appellant to properly present the evidence. *Credit Bureau of Fulton County, Inc.* v. *Faulstitch* (1964), 135 Ind. App. 511, 195 N. E. 2d 359, 360.

In all cases appealed to this court there is a presumption that the trial court correctly decided the questions presented. It is incumbent upon the appellant to rebut this presumption in his brief by clearly showing that the trial court committed serious error which denied the relief to which he was entitled under the law. *Kalbac* v. *Kalbac* (1961), 132 Ind. App. 593, 594, 177 N. E. 2d 279; *Baptist Church etc. et al.* v. *Stalker et al.* (1961), 132 Ind. App. 37, 53, 172 N. E. 2d 888, (Transfer denied).

The Supreme Court has said that alleged errors are not presented for review under a brief requiring the court to go to the transcript to get a satisfactory concept thereof. *State ex rel.* v. *Hinds, Trustee* (1929), 200 Ind. 613, 615, 165 N. E. 754.

Considering the nature of this appeal and the grounds relied upon by appellant for reversal which would require our review of the evidence, we do not feel that appellant has sufficiently complied with Rule 2-17(d), *supra,* to present a question for our determination, and that, therefore, appellee's motion to affirm should be granted.

The judgment of the trial court is affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 726.