CHAPMAN, ETC. ET AL. *v.* UNION FEDERAL
SAVINGS & LOAN ASSOCIATION.

[No. 20,054. Filed November 19, 1965.]

*Adams & Ecklund,* of Indianapolis, for appellants.

*John T. Rocap, James E. Dowling,* and *Rocap, Rocap, Reese & Robb,* of Indianapolis, for appellee.

BIERLY, C. J.—This appeal arises from a judgment entered in the Marion County Superior Court Room No. 1, upon the court's finding that a promissory note and mortgage executed by Floyd A. Chapman and Paul E. Streets, and their respective wives, and, also, a real estate mortgage executed by the Chapman-Streets Realty Co., Inc., were in default; that said mortgages should be foreclosed and the property sold at sheriff's sale to satisfy the amount of the judgment, to-wit, $8,528.33.

Issues were joined by the filing of appellee's complaint to foreclose mortgage, followed by the filing of appellants' answer in the equivalent of a general denial.

The cause was tried to the court without intervention of a jury. The court entered its judgment and decree of foreclosure on December 28, 1962.

In its findings for the plaintiff and against the defendants, the court found that the allegations of plaintiff's complaint were true; that on December 23, 1953, Floyd A. Chapman and Paul E. Streets, a partnership, dba Chapman-Streets Realty Company, and Maxine Chapman and Patrikia A. Streets, the wives joining, successfully negotiated a loan in favor of the Union Federal Savings and Loan Association in the sum of $10,500, payable in monthly payments of $85.50, beginning on January 23, 1954; that the said note further contained a clause that, in default of a payment of an installment when due, which payment, when not made good according to the terms of said note, the entire unpaid principal, with accrued interest, became due and payable.

It was the further finding of the court that on January 23, 1954, the defendants, Floyd A. Chapman and Paul E. Streets, were the owners of Lot No. 298 in Marion County, Indiana, and executed and delivered to the Union Federal Savings and Loan Association, a mortgage on said real estate, Lot 298,. to secure the payment of said note and the performance of all terms and conditions thereof; that according to the terms of said mortgage, defendants agreed to pay the taxes and insurance when the same accrued thereon.

It was the further finding of the court that on February 7, 1958 Chapman-Streets Realty Co., Inc., executed and delivered, in favor of aforesaid Union Federal Savings and Loan Association, a mortgage upon real estate described as Lots 296 and 297, to secure the payment of the note, the principal sum being $10,500, and the terms of the mortgage provided for payment of taxes and insurance on aforesaid real estate, and upon default of payment and failure to correct such defaults as may be done by the terms of said mortgage, the holder of the note may exercise the option and declare all payments due and payable and foreclose said mortgage.

The court further found that Chapman-Streets Realty Company, Inc., is successor to the interests of the Chapman-Streets Realty Co., a partnership composed of Floyd A. Chapman and

Paul E. Streets, and that said mortgage was a valid and binding act of the corporation.

And, further, the court found that one R. H. Voltz, as Trustee, holds the property with legal ownership vesting in Chapman-Streets Realty Co., Inc.

And the court further found that the defendants, and each of them, defaulted and violated the terms of the note and mortgage by failing and refusing to pay the monthly installments of the principal and interest; also, failed in the payment of taxes and insurance, although the taxes and insurance payments had been made by the plaintiff.

And, lastly, the court found that there was due and unpaid on said note, secured by the two mortgages, the sum of $7646.31 on the principal, nothing on interest, and $132.02 for taxes on real estate, and nothing on insurance, nothing for title information but $750.00 plaintiff's attorney fees; and, in all, making a total sum of $8528.33 due, and that said mortgages ought to be foreclosed.

Judgment was entered in accordance with the findings and mortgages on Lots 296, 297 and 298 were ordered foreclosed with equity of redemption barred; that said property to be sold by the sheriff to satisfy the judgments.

From this adverse finding and judgment of the trial court the appellants prosecuted this appeal and assigned as error the overruling of the motion for a new trial.

The Supreme Court Rule 2-17 provides, in part:

"The brief of appellant shall contain short and clear statements disclosing:

" . . .

" (d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript. The record must be stated accurately and impartially. If the verdict or finding is assailed as contrary to law for lack of evidence, or as not sustained by sufficient evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form with references to pages and lines of the transcript

as is necessary to present accurately and concisely a full understanding of the questions presented. Where error is predicated for any cause which is shown by a bill of exceptions not containing the evidence, then the statement shall set out the substance of so much of the contents of such bill of exceptions and any other parts of the record, with references to pages and lines of the transcript, as is necessary to present accurately and concisely a full understanding of the questions presented. . . ."

As set forth in the court's findings, this appeal was based on a note and mortgage securing said note executed by the Chapman-Streets Realty Company, a partnership, with wives of the principals joining, and another mortgage executed by Chapman-Streets Realty Co., Inc., a corporation, by its duly elected president and secretary. Copies of said note and mortgages were marked as Exhibits "A," "B" and "C," and attached to and made a part of plaintiff's complaint.

Appellants' brief brings us to the conclusion that said note and mortgages were, also, introduced into evidence at the trial. However, appellants' brief fails to set forth these exhibits as a whole or the substance thereof.

We have only appellants' conclusions as to what these exhibits provided.

In the absence of any showing that these exhibits would not have any bearing upon the decision of the trial court, we must assume that they were sufficient to warrant the decision of the trial court under the evidence presented. This court cannot determine the questions presented without a search of the record, which we are not required to do. *Coats et ux.* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 147 N. E. 2d 555; *Baltimore & Ohio R. R. Co.* v. *Lilly Paint, etc.* (1963), 135 Ind. App. 46, 188 N. E. 2d 278.

In support of our finding and opinion in the case at bar, we quote from *Coats et ux.* v. *Clanin et ux., supra,* as follows:

"Under the heading, 'Condensed Recital of the Evidence in Narrative Form,' frequent reference is made to a contract

for purchase of real estate between appellants and appellees, and it is stated this contract was introduced in evidence. But nowhere in the brief is the contract set out in whole or in substance. The same is true of other exhibits referred to in the recital of evidence. We have only appellants' conclusions as to what these exhibits provided."

In *Johnson* v. *Johnson* (1946), 117 Ind. App. 117, 69 N. E. 2d 606, which was an action to set aside a deed, appellant's brief failed to contain exhibits essential to the appeal and, therefore, no question was presented for review.

It is our desire to decide appeals upon the merits, and as a general practice we have deviated from the rules governing the form and content of appellant's brief where substantial compliance with the rules has been demonstrated.

In the case at bar, we are unable to accept appellant's brief as being in substantial compliance with Rule 2-17.

In any appeal there is filed only one transcript but in this court sufficient copies of briefs are filed so that each of the eight judges may have a copy. Hence the brief of appellant must present the question to be decided without requiring a search of the transcript.

In this case at bar, on this point the appellants' brief is fatally defective. A proper appreciation of our rules requires that this judgment be affirmed. It is so ordered.

Judgment affirmed.

Hunter, Mote and Smith, JJ. concur.

NOTE.—Reported in 211 N. E. 2d 499.