ROBBINS *v.* ROADWAY EXPRESS, INC., ETC.

[No. 20,255. Filed April 21, 1966. Rehearing denied July 25, 1966.]

*George Rose,* of Indianapolis, for appellant.

*George P. Ryan, Alan H. Lobley,* and *Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis, for appellee.

HUNTER, J.—This appeal is before this court on the motion of the appellee to affirm the judgment of the trial court. In the court below at the close of the plaintiff's evidence, the appellee's motion for a directed verdict was granted.

The suit grew out of an alleged wrongful discharge in violation of the appellant's rights under the collective bargaining agreement, entered into between the appellee and the Central States Driver's Council, affiliated with the International Brotherhood of Teamsters, etc. The appellant's complaint requested damages for loss of wages from date of discharge until date of such judgment for his alleged wrongful discharge.

The appellant in his complaint set forth allegations which may be summarized as follows: (1) that he was a member of Local Union 135, IBTCS&HA affiliated with the International Brotherhood of Teamsters, etc.; (2) that Roadway Express, Inc. and said Union were covered by a collective bargaining agreement and in paragraph II of said complaint, it is stated: "a copy of which agreement is attached to the complaint and made a part thereof"; and (3) that the defendant violated Articles IV, VIII and X of said collective bargaining agreement in his discharge.

The issues were formed pursuant to Supreme Court Rule 1-3 by the appellee's answer in two paragraphs. Paragraph I was directed to the several rhetorical paragraphs of the appellant's complaint. Paragraph II of the appellee's answer was an affirmative defense alleging in substance that all decisions reached by Roadway Express, Inc. and the representative of the plaintiff's Union under said collective bargaining agreement were final and binding upon the parties, and therefore were binding upon the appellant.

On March 12, 1964, the second day of trial, after the plaintiff (appellant here) had rested his case, the defendant (appellee here) made an oral motion for a directed verdict which was sustained by the court. Thereafter the jury was discharged and judgment was entered for the appellee in accordance with the directed verdict returned by the jury.

The appellant filed a motion for new trial which was overruled. The appellant brought this appeal asserting that the lower court erred in its ruling on the motion for new trial. The errors asserted in the motion for new trial and briefed on appeal are as follow:

(1)  The decision of the court is not sustained by sufficient evidence;

(2)  The decision of the court is contrary to law.

With respect to the first asserted error in the motion for new trial, it is axiomatic that a negative decision may not be attacked upon the ground of insufficient evidence to sustain it. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 12, 51 N. E. 2d 474; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669.

Therefore, the only valid specification in the motion for new trial which the appellant attempts to present to this court is that the decision of the court is contrary to law.

The appellee filed a motion to affirm on February 14, 1966, stating that the brief of the appellant does not comply with requirements of Supreme Court Rule 2-17 for the following reasons:

(a)  It does not have a concise statement of the record that fully presents every error and objection relied upon; and

(b)  it does not set out the necessary substance of the Bill of Exceptions to present accurately and concisely a full understanding of the questions presented.

The appellee asserts in its brief that the motion for a directed verdict was properly sustained and given to the jury

for the reason that the determination of the propriety of the appellant's discharge under the grievance procedure of the collective bargaining agreement was final, conclusive and not subject to further review in accordance with the rule announced in the following cases: *Humphrey* v. *Moore,* 375 U. S. 335 (1964); *Wagner Manufacturing, Inc.* v. *Culbertson* (1965), 137 Ind. App. 160, 206 N. E. 2d 378. The appellee pleaded this proposition as an affirmative defense and indeed the appellant acknowledges in his brief that such was the appellee's principal defense.

The appellee in its motion to affirm asserts that the portion of the appellant's brief containing the condensed recital of the evidence is defective and not in compliance with Rule 2-17, *supra,* for the following pertinent reasons:

(1)    The brief does not contain the complaint in its entirety in that it fails to set forth the collective bargaining agreement identified as exhibit RR which was attached to and made a part of said complaint;

(2)    Said brief does not contain the original grievance filed by the appellant identified as plaintiff's exhibit KK, purportedly filed in accordance with said collective bargaining agreement;

(3)    Said brief does not contain appellant's exhibit LL, an additional grievance filed by the appellant in regard to the same matter;

(4)    Said brief does not contain appellant's exhibit MM, the decision on the appellant's grievance reached by the appellant's and appellee's representatives under the terms of said collective bargaining agreement.

A further examination of the condensed recital of the evidence shows that it fails to include Articles IV, VIII and X of said agreement which said Articles were allegedly violated by the appellee. It was the alleged violation of said Articles upon which the appellant premised his action for wrongful discharge. The appellee in its motion to affirm has pointed out other omissions in the appellant's

brief which we do not feel it necessary to comment upon in view of the decision we are reaching. There were 49 exhibits received in evidence, none of which appear in the condensed recital of the evidence. While some argument may exist for the failure to include 42 of said exhibits, the failure to include the exhibits enumerated above being Exhibits RR, KK, LL, MM, and Articles IV, VIII and X in their entirety or the substance thereof is fatal to the appellant's appeal. The collective bargaining agreement, the grievances filed purportedly pursuant to said collective bargaining agreement, the decision reached by the Union representative and the Company representative relevant to said grievances are vital to a determination by this court of the correctness of the trial court's ruling on the motion for a directed verdict. Therefore, the failure on the part of the appellant to set forth said exhibits in *haec verba* or in substance in his brief is an omission of requisite and essential matters that were before the trial court. *Motorists Mutual Insurance Company* v. *Johnson* (1964), 245 Ind. 387, 198 N. E. 2d 606; *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products* (1963), 135 Ind. App. 46, 188 N. E. 2d 278; *Loper* v. *Standard Oil Company* (1965), 138 Ind. App. 84, 211 N. E. 2d 797. In our opinion the omission of said exhibits in the condensed recital of the evidence and the absence of a showing in the appellant's brief that said exhibits could have had no relevance to, or bearing upon the trial court's decision, constitutes a fatal non-compliance with the rules. We must assume, in support of the trial court's determination of this cause, without a search of the record, that said exhibits contained sufficient evidence and matters upon the issues joined to warrant the trial court's decision granting the appellee's motion for a directed verdict. *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products, supra; Humphrey* v. *Moore, supra; Wagner Manufacturing, Inc.* v. *Culbertson, supra.*

Although this court prefers to decide cases on their merits, these rules have the force and effect of law and are equally

binding upon the court and the litigants. We do not search the record to reverse the trial court. *Grecco* v. *State* (1960), 240 Ind. 584, 166 N. E. 2d 180, 167 N. E. 2d 714; *Loper* v. *Standard Oil Company, supra; Harrell* v. *Harrell* (1957), 127 Ind. App. 443, 142 N. E. 2d 644; *Coats et ux.* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 147 N. E. 2d 555.

In this appeal the omissions were called to the attention of the appellant. He has failed to request leave to amend his brief. Consequently, we do not have substantial or good faith compliance with the rules. *Loper* v. *Standard Oil Company, supra; O'Neal, etc. et al.* v. *Estate of Grace, etc.* (1961), 241 Ind. 246, 171 N. E. 2d 828.

For all the foregoing reasons, the appellee's motion to affirm should be granted.

Therefore, the judgment of the trial court is affirmed.

Smith, P. J., and Bierly, J., concur. Mote, J., concurs in result only.

NOTE.—Reported in 215 N. E. 2d 867.